**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MAC FUNDING CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>MNDUSTRIES, INC., a Georgia corporation, and MICHAEL E. NANCE II, a Georgia citizen,<br><br>Defendants.<br>_____ | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No.: 1:17-cv-06470<br><br>Honorable Sharon Johnson Coleman |
| MNDUSTRIES, INC., a Georgia corporation, and MICHAEL E. NANCE II, a Georgia citizen,<br><br>Third-Party Plaintiffs/<br>Third-Party Counter-Defendants,<br><br>v.<br><br>MC MACHINERY SYSTEMS, INC., a Delaware corporation,<br><br>Third-Party Defendant/<br>Third-Party Counter-Plaintiff. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

## AGREED IN PART MOTION FOR AMENDED DISCOVERY SCHEDULE

NOW COMES Plaintiff, MAC FUNDING CORPORATION ("MACF"), Third-Party Defendant/Third-Party Counter-Plaintiff, MC MACHINERY SYSTEMS, INC. ("MMS"), and Third-Party Plaintiffs/Third-Party Counter-Defendants, MNDUSTRIES, INC. ("MN") and MICHAEL E. NANCE II ("Nance") by and through their counsel, Rein F. Krammer, David J. Stein and Michael S. Golenson of MASUDA, FUNAI, EIFERT, & MITCHELL, LTD., John D.

Steel of STEEL & MOSS, LLP, and Whitney K. Siehl, Lisa V. Weinstein, and Edward J. Aucoin Jr. of GRANT & EISENHOFER, P.A., and hereby move for an agreed in part amended discovery schedule in this matter to which the Mandatory Initial Discovery Project ("MIDP") is applicable. In support of said motion, the parties state as follows:

1.      MACF filed its Complaint against MN and Nance alleging that MN breached certain loan agreements (the "Loans") relating to MN's purchase of certain press brakes (the "Press Brakes"), lasers (the "Lasers") and a material handling system (the "River"). MACF has also alleged that Nance guaranteed (the "Guarantees") MN's obligations under the Loans and failed to fulfill his obligations to MACF under the Guarantees. MACF has also alleged that MN was inadequately capitalized, failed to satisfy corporate formalities, and fraudulently transferred corporate assets in an attempt to avoid its obligations to MACF and, therefore, Nance is liable for MN's debts under a piercing the corporate veil claim. MN and Nance deny the allegations.

2.      MN and Nance have filed an Amended Third-Party Complaint against MMS alleging that the Lasers were defective and as a result, MMS allegedly breached certain warranties owed to MN and is obligated to indemnify MN from any amounts it may owe to MACF. MMS denies the allegations and alleges that to the extent the Lasers did not perform, said alleged non-performance is related to MN's misuse of the Lasers.

3.      With respect to the MACF Complaint, MACF, MN and Nance are prepared to exchange their respective ESI pursuant to the MIDP but await this Court's entry of the Protective Order which was attached to the parties' Agreed Motion to Approve Protective Order [Dkt. No. 52]. Said motion was approved by this Court but the Court has not yet entered the Protective Order as an order of this Court. MN and Nance believe that no further order of this Court is required and

that by entry of the Order at Docket no. 52, the Court has entered the Protective Order that was attached to the Motion.  MACF and MMS disagree.

4.   With respect to the Amended Third-Party Complaint, MMS filed a Motion to Dismiss.  MN's/Nance's response brief is due on February 6, 2018 and MMS' reply brief is due on February 20, 2018.

5.   If the MIDP applies to the Amended Third-Party Complaint even though a Motion to Dismiss is pending, MMS, MN and Nance were to produce their respective ESI required by the MIDP on or about January 24, 2018.

6.   Some of the issues relevant to the Complaint, Amended Third-Party Complaint and the Third-Party Counterclaim and which will be the subject of the parties' discovery include the following:

- The terms and conditions of purchase and sale of the Presses, Laser and River;

- The existence and nature of the alleged defect in the Lasers;

- The existence and nature of MN's alleged misuse and improper operation and maintenance of the Lasers;

- The existence and nature of MN's alleged damages including the loss of business and the reasons for its loss of customers and the closing of its operations;

- The extent and nature of MMS' alleged damages relating to the open invoices for the sale of parts and services, and whether they were covered under warranty or otherwise by agreement of the parties;

- The extent and nature of MMS' alleged damages relating to MN's alleged misuse and improper maintenance of the Lasers;

- The extent of damages allegedly suffered by MACF including the amount of a credit MN is entitled to related to the disposition or value of the repossessed Collateral;

- Whether MACF is entitled to pierce the corporate veil of MN based upon alleged inadequate capitalization, fraudulent transfer, and other transactions; and

- The nature of the relationship between MACF and MMS.

7.    MACF is seeking in excess of $5 million from MN and Nance pursuant to its Complaint.  MN and Nance are seeking in excess of $5 million from MMS pursuant to their Amended Third-Party Complaint.  MMS is seeking in excess of $200,000.00 from MN pursuant to its Third-Party Counterclaim.

8.    In light of the large number of issues that will be germane to the Complaint, Amended Third-Party Complaint and Counterclaim and related thereto, the amount of discovery, MMS [MN/Nance object to this portion of the relief sought] requests that the Court stay the MIDP as it relates to the production of ESI or, in the alternative MMS, MN and Nance request this Court permit the parties to produce the ESI related to the Amended Third-Party Complaint and Third-Party Counterclaim in tranches as it is prepared, reviewed, and made ready for production, but in no event more than 120 days [MN and Nance object to this length of time and suggest 30 days. MMS' Counsel agrees to produce ESI as it is prepared but feels it will not be possible to provide all of it within 30 days and is, therefore, seeking 120 days so it hopefully need not seek subsequent relief from this Court] from entry of a corresponding order.

9.    In the event this Court finds that ESI related to the Amended Third-Party Complaint and Third-Party Counterclaim should be produced while the Motion to Dismiss is pending, MMS and its counsel have been working diligently to locate and prepare the ESI for production. However, because of the volume and nature of the ESI, MMS has experienced significant difficulties in trying to prepare it for review and production.

10. After weeks of preparation and gathering the relevant ESI from targeted custodians, on December 22, 2017 MMS' counsel states that MMS provided to its counsel a hard drive containing email files for all relevant custodians. The hard drive contained over 500 GB of data.

11. MMS Counsel states his paralegal made several attempts to upload these files for review and production in order to meet the production deadline of on or about January 24, 2018. His paralegal states the majority of the files were either too voluminous for the review platform, or were somehow corrupted.

12. Counsel for MMS states he promptly contacted MMS and advised them of the file problems and suggested that they hire an outside electronic discovery consultant.

13. MMS' Counsel states that MMS promptly engaged an outside consultant to conduct new searches with the consultant's software and prepare new email files for all relevant custodians.

14. MMS' Counsel states that On January 23, 2018, counsel received new email files for seventeen custodians. The total volume of the files is 45 GB.

15. MMS' Counsel states that Counsel for MMS needs to upload and process the new data to review for responsiveness, privilege and redaction, and finalize the responsive data for production. The time estimated to complete production is 120 days. However, MMS' counsel intends on producing ESI in tranches as groups of custodians' ESI is reviewed and prepared for production.

16. Counsel for the parties have held a meet and confer and MMS' counsel believes that the production of ESI related to the Amended Third-Party Complaint and Third-Party Counterclaim should be stayed until this Court rules on the pending Motion to Dismiss or in the alternative. MN and Nance do not agree to the stay sought by MMS. MMS, MN and Nance have

consulted and agree that the parties would request that they be provided additional time within which to produce said ESI pursuant to the MIDP.

17.    In addition, the parties propose the following aggressive discovery schedule with respect to the Complaint, Amended Third-Party Complaint and Third-Party Counterclaim in the event the Motion to Dismiss is denied:

    i)    December 31, 2018: deadline for completion of non-expert discovery including service and response to interrogatories, document requests, request for admission, third-party subpoenas, and depositions;

    ii)    Deadlines for identification of initial expert witnesses and their opinions, pursuant to Fed. R. Civ. P. 26(a)(2)(A) and 26(a)(2)(B):

        a)    Plaintiff/Third-Party Plaintiffs/Third-Party Counter-Plaintiff: 4/30/2019

    iii)    Deadlines for identification of rebuttal expert witnesses and their opinions, pursuant to Fed. R. Civ. P. 26(a)(2)(A) and 26(a)(2)(B):

        a)    Defendants/Third-Party Defendants/Third-Party Counter-Defendants: 6/15/2019

    iv)    Deadline for completion of expert witness depositions, if any: 8/30/2019.

**WHEREFORE**, MC MACHINERY SYSTEMS, INC., respectfully request that the Court enter an order staying production of the ESI related to the Amended Third-Party Complaint and Third-Party Counterclaim until a ruling is issued on the Motion to Dismiss or in the alternative, MAC FUNDING CORPORATION, MC MACHINERY SYSTEMS, INC., MNDUSTRIES, INC., and MICHAEL NANCE II respectfully request that the parties be provided additional time within which to produce ESI pursuant to the MIDP as said ESI relates to the Amended Third-Party Complaint and the Third-Party Counterclaim and with respect to other discovery, as provided herein.

Dated:  January 29, 2018

Respectfully submitted,


**MAC FUNDING CORPORATION and
MC MACHINERY SYSTEMS, INC.**


By:     /s/ Rein F. Krammer
   Rein F. Krammer, Esq.
   David J. Stein, Esq.
   Michael S. Golenson, Esq.
   Masuda, Funai, Eifert & Mitchell, Ltd.
   203 North LaSalle Street, Suite 2500
   Chicago, IL 60601-1262
   Tel.:  312-245-7500
   Fax:  312-245-7467


**MNDUSTRIES, INC. and MICHAEL E.
NANCE II**

By:     /s/ John D. Steel
   Whitney K. Siehl, Esq.
   Lisa B. Weinstein
   Edward J. Aucoin Jr.
   Grant & Eisenhofer P.A.
   30 N. LaSalle Street, Suite 2350
   Chicago, IL 60602
   Tel.: 312-214-0000
   Fax:  312-214-0001

   John D. Steel, Esq.
   Steel & Moss, LLP
   3495 Piedmont Road, NE
   Building 11, Suite 905
   Atlanta, GA 30305
   Tel.:  866-551-7480
   Fax: 404-264-0161


N:\SYS08\6309\Lit\Agreed Motion for Amended Discovery Schedule Final.docx